**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSE PORFIRIO LARDIZABAL-CUEVA,

Plaintiff,

v.

IGLOO PRODUCTS CORP.,

Defendant.

Hillsborough County Case No.:
26-CA-009828

**NOTICE OF REMOVAL**

TO: THE CLERK OF COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that Defendant Igloo Products Corp. (“Igloo” or “Defendant”) hereby removes to this Court the state court action described below.

Defendant Igloo Products Corp. (“Igloo”), by and through undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and removes this action from the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division. In support of removal, Igloo states as follows:

I.

Igloo is the defendant in a civil action styled *Jose Porfirio Lardizabal-Cueva v. Igloo Products Corp.*, bearing Docket No. 26-CA-009828, pending in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida. Plaintiff filed his Complaint on September 11, 2026. This Notice of Removal is filed with the United States District Court for the

Middle District of Florida, Tampa Division, within thirty (30) days of service upon Igloo of the initial pleading setting forth the claims for relief upon which the action is based.

II.

Defendant Igloo attaches hereto as Exhibit "A" a true and correct copy of all of the process, pleadings (as defined by Federal Rule of Civil Procedure 7), and Orders served on Defendant in this action to date, as required by 28 U.S.C. § 1446(a).

III.

This action is pending in Hillsborough County, Florida. Accordingly, the United States District Court for the Middle District of Florida, Tampa Division, is the federal district and division embracing the place where the state-court action is pending and is therefore the proper venue for removal pursuant to 28 U.S.C. §§ 1441(a) and 98(c).

IV.

Promptly after filing this Notice of Removal, Igloo will provide written notice to Plaintiff and file a copy of this Notice with the Clerk of the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida, in accordance with 28 U.S.C. § 1446(d).

**DIVERSITY OF JURISDICTION**

V.

Removal is proper pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

VI.

Plaintiff alleges that he is a resident of Riverview, Hillsborough County, Florida. Upon information and belief, Plaintiff is therefore a citizen of Florida for purposes of diversity jurisdiction.

VII.

Defendant Igloo is a corporation incorporated in the state of Delaware, with a principal place of business in Katy, Texas. Accordingly, Igloo is a citizen of Delaware and Texas pursuant to 28 U.S.C. § 1332(c)(1).

VIII.

This controversy is, therefore, between citizens of different states pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1).

IX.

To establish that the amount-in-controversy requirement is met under 28 U.S.C. § 1446(a) in a notice of removal, a defendant need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Evidence establishing the amount is required by 28 U.S.C. § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. *Id*. Complaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000. *Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 883 (11th Cir. 2020).

X.

Here, although Plaintiff does not plead a specific amount of damages, he alleges that, while unloading an Igloo Flip & Tow 90-Quart Rolling Cooler (the "Cooler") from his vehicle, his left index finger became caught in a pinch point within the Cooler's tow handle mechanism. Plaintiff further alleges that the incident resulted in "significant and painful bodily injuries," including permanent disfigurement, numbness and pain, and nerve damage. Plaintiff seeks recovery of general and special damages, including past and future medical expenses, past and future economic

and non-economic damage (including emotional distress damages), costs of suit, prejudgment interest, and such other relief as the Court deems proper. *See generally* Complaint.

XI.

Plaintiff's allegations of "significant and painful bodily injuries," including permanent disfigurement, nerve damage, past, present and future physical injuries, medical expenses, and emotional injuries, and claims for substantial special and general damages, make it facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See, e.g.*, *Dioses v. Giguere*, 2015 WL 12745541, at *2 (S.D. Fla. Dec. 22, 2015) (concluding that the amount in controversy was satisfied when looking at the plaintiff's claims for permanent injury, pain and suffering, and past and future economic losses, in conjunction with the plaintiff's past medical expenses); *Tineo v. BJ'S Wholesale Club, Inc.*, 2024 WL 4634022, at *4 (S.D. Fla. Oct. 31, 2024) (concluding that the amount in controversy was satisfied where the plaintiff's alleged injuries included serious and permanent injury to the plaintiff's body and extremities); *Shaker v. Akima Glob. Servs., LLC*, 2016 WL 4641627, at *2 (S.D. Fla. Sept. 7, 2016) (holding that injuries that are permanent or ongoing in nature, and which will cause the Plaintiff to continue experiencing losses and impairments in the future, reasonably lead to the common sense conclusion that the severity of the Plaintiff's injuries surpass $75,000); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (affirming amount in controversy was facially apparent from complaint where "Plaintiff alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement").

**WHEREFORE**, Defendant Igloo Products Corp. respectfully removes this action to the United States District Court for the Middle District of Florida, Tampa Division, and requests that this action proceed in this Court as provided by law.

Dated: September 18, 2026

COZEN O'CONNOR

By: *_/s/ Erica Rutner_*

Erica Rutner (Fla. Bar. No. 0070510)
erutner@cozen.com
501 E Las Olas Blvd, Suite 300
Ft. Lauderdale, FL 33301

*Attorney for Defendant*
IGLOO PRODUCTS CORP